IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDY FIELDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:20-CV-356-Y |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Andy Fields, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against the director of that division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

## I. Factual and Procedural History

In August 2015 Petitioner was indicted in Tarrant County, Texas, Case No. 1421969, for burglary of a habitation and committing or intending to commit assault against Ratrina Armstrong, a member of his family or household. (Clerk's R. 10, doc. 13-9.) He was subsequently re-indicted in Case No. 1463549R for assault of a person surnamed Armstrong, a family or household member, with a prior such conviction. (Id. at 6.) The re-indictment also included a habitual-offender notice. (Id.) A jury found Petitioner guilty of the offense and true to the habitual-offender

notice and, on January 12, 2017, assessed his sentence at 50 years' confinement. (Id. at 68, 79.) His conviction was affirmed on appeal and, although he was granted an extended time up to and including June 1, 2018, to file a petition for discretionary review in the Texas Court of Criminal Appeals, he did not do so. (Mem. Op. 9, doc. 13-2 & Notices, docs. 13-7, 13-8.) Petitioner also filed two relevant state habeas-corpus applications. The first was filed on July 2, 2019, and the second was filed on November 5, 2019.[1] (SHR02 30 & SHR03 26, docs. 13-27 & 13-29.[2]) This federal habeas-corpus petition challenging his conviction was filed on April 3, 2020.[3] (Pet. 10, doc. 3.) In one ground for relief, Petitioner claims that he was denied his right to effective assistance of counsel. (Id. at 6.) Respondent asserts that the petition should be dismissed as untimely under the federal statute of limitations. (Resp't's Answer 7-12, doc. 12.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[1] Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Although the documents do not reflect that information, Petitioner dated the "Unsworn Declaration" in the documents on July 2, 2019, and November 5, 2019, respectively. For purposes of this opinion, the petitions are considered filed on those dates.

[2] "SHR02" and "SHR03" refer to the record of Petitioner's state habeas proceedings in WR-52,384-02 and WR-52,384-03, repectively.

[3] Petitioner's federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

>    (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable in this case, the judgment of conviction by the jury became final upon expiration of the time that Petitioner had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on June 1, 2018. Therefore, limitations began the next day and closed one year later on June 3, 2019,[4] absent any tolling. *See* TEX. R. APP. P. 68.2(a); *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2011); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

---

[4] June 31, 2019, was a Saturday. FED. R. CIV. P. 6(a)(1)(C).

3

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's state habeas applications filed on July 2, 2019, and November 5, 2019, after limitations had already expired, do not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, absent tolling as a matter of equity, Petitioner's petition filed on April 3, 2020, is untimely.

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no such showing. He provides no explanation for his delay and the record reveals none. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Nor does he allege, much less present new reliable evidence, that he is actually innocent of the offense for which he was convicted.

In summary, Petitioner's federal petition was due on or before June 3, 2019. His petition filed on April 3, 2020, is therefore untimely.

### III. Conclusion

4

For the reasons discussed, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED as time barred. All pending motions not previously ruled upon are DENIED.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore,

5

a certificate of appealability should not issue.

    SIGNED August <u>11</u>, 2020.

                                       */s/ Terry R. Means*
                                       TERRY R. MEANS
                                       UNITED STATES DISTRICT JUDGE